# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STANLEY W. MCCANE,

                Plaintiff,

v.

SECRETARY ROBERT WILKIE and
PATRICIA MARTIN,

                Defendants.

Case No. 19-CV-268-JPS

**ORDER**

On February 20, 2019, Plaintiff filed this action *pro se* alleging issues with his employment, and specifically a failure to promote him. (Docket #1). The next day, Magistrate Judge Nancy Joseph screened the complaint and, finding that it failed to state any viable claims for relief, directed Plaintiff to submit an amended complaint. (Docket #4). He did so on March 11, 2019, (Docket #5), and the matter was simultaneously reassigned to this branch of the Court.

The Court begins by addressing Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without prepaying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous, malicious, or fails to state a viable claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers that he is retired, earns very little from Social Security and a pension, and has approximately $1,400 per month in expenses. (Docket #2 at 2–3). Plaintiff's sworn statements reveal that he would be unable "to provide himself . . . with the necessities of life" if required to pay the $400.00 filing fee in this matter.

*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

However, notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.*

(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Plaintiff's original complaint alleged that he was denied a promotion in January 2016. (Docket #1 at 3). He alleged that Defendants denied him the promotion because they employed nepotism and collusion to ensure that certain candidates for the position were given an unfair advantage. *Id.* Magistrate Joseph found that these allegations invoked Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (Docket #4 at 2). However, Plaintiff had failed to allege that he was part of a class of persons protected by Title VII, or that he had exhausted his administrative remedies as required by Title VII before filing the lawsuit. *Id.* at 3.

Plaintiff filed his amended complaint using a form complaint prepared by the Clerk of the Court. (Docket #5). The amended complaint includes bare-bones allegations that Plaintiff was denied a promotion based on his race (he does not indicate his race) and age (approximately 65 at the

time of the incident). *Id.* at 3–4. These allegations at least partially address Magistrate Joseph's first concern. They suggest that Plaintiff may have a cause of action under Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA").

The remainder of the amended complaint nevertheless confirms that this action must be dismissed. As to Magistrate Joseph's second concern, Plaintiff alleges that he filed a charge with the EEOC regarding the alleged discrimination on March 16, 2016. *Id.* at 5. The EEOC did not issue him a right-to-sue letter. *Id.* Without such a letter, Plaintiff is barred from bringing an action under Title VII. *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

More importantly, both Title VII and the ADEA require that claims must be filed in court within 300 days of the alleged discriminatory act. *Riley v. Elkhart Comm. Schs.*, 829 F.3d 886, 890–91 (7th Cir. 2016). In the amended complaint, Plaintiff states that the alleged discrimination occurred on March 1, 2016. Thus, his claims were filed long after the 300-day filing period expired. This action must, therefore, be dismissed as time-barred.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge